EDMUND J. GRIFFIN vs. ALICE GILCHRIST et al.

MAY 13, 1908.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) · Easements.   Right of Way for Ingress and Egress.   Gates.

A right of way was in the terms following: "With the right of using a passway of 14 feet in width on the westerly side of the above lot described extending from said High street to the P. & W. Railroad Co., land for the ingress and egress of all parties interested therein ":—

Held, that the right must be confined to that of ingress and egress; that the erection of a fence at the end of the way between the way and the railroad land could not interfere with the grantees' right from their property to the highway, and that a gate at the end of the way upon the highway would not constitute an unreasonable interference with the easement, if so constructed as to permit the use of the way for wagons and persons on foot and opening conveniently for passage; which gate grantee must not leave unclosed in an unreasonable manner when using said way.

BILL IN EQUITY.   Heard on appeal of respondents, and dismissed.

PER CURIAM.   This appeal is dismissed and the decree appealed from is affirmed for the reasons assigned in the rescript of the Superior Court, which we adopt as the opinion of this court.   It is fully sustained by 23 Amer. & Eng. Encyc. Law 34, and cases cited, particularly Short v. Devine, 146 Mass. 119.

### "RESCRIPT.

"SWEETLAND, P. J.   The right of way in question, appurtenant to the land of the respondent Alice Gilchrist, is derived from a grant contained in the deed of Elias Cook, executor of Amos Grant, to Lyman Cook, a copy of which deed is on file marked 'Compt's Ex. B.'   The terms of the grant are 'with the right of using a passway of 14 feet in width on the westerly side of the above lot described extending from said High Street to the P. & W. Railroad Co. land for the ingress and egress of all parties interested therein.'

"This deed of Elias Cook, executor, from its recital appears

to be a deed given to the purchaser, at a sale authorized by the Probate Court under the statute, for the purpose of making up a deficiency of the personal estate of the testator.

"The decree of the Probate Court authorizing the sale is not before this court, and it does not appear by what right the executor created an easement in the unsold real estate of the testator. The complainant, however, raises no question as to the easement created by the grant in the deed of the executor.

"The respondents in their answer and at the hearing claim that said easement was created by grant in the will of the testator Amos Grant. The easement mentioned in said will was granted in case of a sale by the widow of the testator. Power to sell was not exercised by the widow. The terms of the easement granted in the deed of the executor, accepted by the predecessor in title of these respondents, must govern as to the extent of the right of these respondents.

"The respondents should be restrained from any other use of said passway than for ingress and egress.

"The erection and maintenance of a fence at the end of the passway between said passway and the land of the railroad company can not interfere with the respondents' right of ingress and egress from their property to the highway, and the respondents should be restrained from interfering with any fence so erected by the complainant.

"As to a gate at the end of the passway upon the highway, from what appears by the testimony to be the use made of these two tenements, and the use that is made of the passway, and from all the circumstances surrounding these premises, the erection of a suitable gate at the highway would not constitute an unreasonable interference with the easement. The complainant would be permitted to erect such a gate or gates. Such a gate or gates should be so constructed as to permit the use of said passway for wagons and persons on foot. Such gate or gates should be so constructed as to be opened conveniently for the passage of wagons and persons on foot. In the erection of such gate or gates across said passway at the Main street every precaution should be taken by the com-

plainant against interference in an unreasonable manner with the beneficial use of such passway by the respondents.

"The respondents should be enjoined against interference with said gate or gates when erected except in their reasonable use for the purpose of ingress and egress between said passway and the highway. The respondents should be enjoined from leaving said gate or gates unclosed in an unreasonable manner when using said passway for ingress and egress.

"Decree may be entered accordingly."

The cause is remanded to the Superior Court for further proceedings.